**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

VICTOR ANDREW APODACA, SR.,

        Petitioner,

vs.                                No. CV 19-00147 MIS/JFR

ROBERT L. WILKIE, SECRETARY
OF VETERANS AFFAIRS,
UNITED STATES ATTORNEY,
ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

        Respondents.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Petition Under 28 U.S.C. § 2255 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Victor Andrew Apodaca Sr. (Doc. 1) ("Petition"). The Court will dismiss the Petition for failure to state a claim on which relief can be granted and lack of subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Victor Andrew Apodaca is a prisoner in custody of the New Mexico Department of Corrections and incarcerated at Northwest New Mexico Correctional Center. (Doc. 1). He is proceeding pro se and *in forma pauperis.* Petitioner Apodaca begins his Petition by stating "[t]hese are the Local Civil Rules of the United States District Court for the District of New Mexico D.N.M. LR-Civ. 3(e) Notification of Multidistrict Litigation under 28 U.S.C. 1407 and Rule 7.(3)(c)." (Doc. 1 at 1). He names, as Respondents, Robert L. Wilkie, the Secretary of Veterans Affairs, United States Attorney, and Attorney General of the State of New Mexico. (Doc. 1 at 1). The body of his Petition

1

appears to ask the Court to conduct an administrative review of a denial of veteran's benefits.  (Doc. 1 at 1-7).  He concludes his Petition by asking for habeas corpus relief under 28 U.S.C. § 2254.  (Doc. 1 at 8).

## II.  APODACA'S PETITION FAILS TO STATE A CLAIM FOR RELIEF AND THE COURT LACKS JURISDICTION

### A.  Failure to State a Claim for Habeas Corpus Relief:

In the title of his Petition, Apodaca makes reference to 28 U.S.C. § 2255.  (Doc. 1 at 1).  However, § 2255, governing post-conviction collateral review by prisoners in federal custody, has no application to Petitioner Apodaca.  He is a prisoner convicted under New Mexico state law and in the custody of the New Mexico Department of Corrections.  (Doc. 1 at 1, 8). A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254.  Section 2254 provides:

> "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a).  Habeas corpus relief is not limited to immediate release from illegal custody, but is available as well to attack future confinement and obtain future releases. *See Peyton v. Rowe*, 391 U.S. 54, 66-67 (1968).  Habeas relief is available to obtain restoration of good time credits, resulting in shortening of the length of the petitioner's sentence.  *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973).

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal

2

court review. Under § 2254(d), a habeas corpus application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1) and (2).  Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers,* ___ U.S. ___, No. 16-6855 at 2 (*slip op.* April 17, 2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. *Harrington v. Richter,* 562 U.S. 86, 101 (2011); *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002) *(per curiam).* The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Williams*, 529 U.S. at 405-406. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the

reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407–08. A District Court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly--the application must also be unreasonable.  *Id.* at 411; *Harrington v. Richter*, 562 U.S. at 98.  The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington.* 562 U.S. at 102.

The Petition does not state any claim for habeas corpus relief under § 2254.  First, Petitioner Apodaca does not contend that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Nor does he contend that any New Mexico state court proceeding (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding.  28 U.S.C. § 2254(d)(1) and (2).  Apodaca does not seek review by this Court of any New Mexico criminal conviction or sentence, nor does he seek release from custody or a shortening of his sentence.  *Harrington v. Richter,* 562 U.S. at 101; *Woodford v. Visciotti,* 537 U.S. at 24; *Cullen v. Pinholster*, 563 U.S. at 181.

Moreover, Secretary Robert L. Wilkie and United States Attorney are not appropriate respondents for habeas corpus relief.  In a habeas corpus proceeding, the custodian or official having immediate physical custody of the petitioner is a proper party to the proceeding.  *See Rumsfeld v. Padilla,* 452 U.S. 452 U.S. 426, 442-43 (2004). Petitioner is in the custody of the State of New Mexico and neither Secretary Wilkie nor the United States Attorney have physical custody of Petitioner Apodaca.  A petition for habeas corpus relief under 28 U.S.C. § 2254 is not the appropriate vehicle for the relief Petitioner Apodaca seeks and his Petition fails to state any habeas corpus claim for relief.

**B.  Lack of Subject Matter Jurisdiction to Review a Denial of Veterans' Benefits:**

Apodaca's Petition appears to ask this Court to review a denial of veterans' benefits by the Secretary of Veterans Affairs.  (Doc. 1 at 1, ¶ 1).  Even if Apodaca had properly invoked § 2254 as a basis for relief, the Court lacks subject matter jurisdiction over any claim to review a denial of veterans' benefits.  Pursuant to 38 U.S.C. § 511(a), federal district courts cannot review VA determinations of veteran benefits. Section 511 provides that "the decision of the Secretary as to any [benefits determination] shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a). A district court "may not hear claims attempting to challenge impermissibly the underlying VA benefits

decisions." *Melvin v. U.S. Dep't of Veterans Affairs*, 70 F.Supp.3d 350, 358 (D.D.C. 2014). "The exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit." *Id.* at 421.

This Court lacks subject matter jurisdiction to consider Apodaca's claim of wrongful determination of his claim for veterans' benefits by the Secretary.  38 U.S.C. § 511(a). Therefore, the Court will dismiss the Petition without prejudice. *See Kelly v. Fleetwood Enters., Inc.,* 377 F.3d 1034, 1036 (9th Cir.2004).

### III.  DENIAL OF A CERTIFICATE OF APPEALABILITY

To the extent Apodaca's Petition may be properly construed as a § 2254 petition, the Court will deny a Certificate of Appealability.  Under Rule 11 of the Rules Governing Section 2254 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Court determines that Petitioner Apodaca has not made a substantial showing of denial of a constitutional right.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2255 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Victor Andrew Apodaca Sr. (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim on which relief can be granted and lack of subject matter jurisdiction, and a Certificate of Appealability is **DENIED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE